**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Deborah Geary | **DEFENDANTS**<br>United States of America<br>Internal Revenue Service |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Jana S. Pail, Whiteford Taylor & Preston, LLP<br>11 Stanwix Street, Suite 1400<br>Pittsburgh, PA 15222<br>412-400-3833 | **ATTORNEYS** (If Known)<br>Cindy K. Chung, U.S. Attorney<br>Western District of Pennsylvania |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Determination of tax liability pursuant to 11 U.S.C. **§ 505; objection of proof of claim.**

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[1] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[2] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Deborah Geary |  | BANKRUPTCY CASE NO.   21-22099 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Pennsylvania |  | DIVISION OFFICE<br>Pittsburgh || NAME OF JUDGE<br>Hon. G. Taddonio |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Jana S. Pail |||||
| DATE<br>December 17, 2021 |||  PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Jana S. Pail ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | * | |
| DEBORAH GEARY | * | Case No: 21-22099-GLT (Chapter 13) |
| Debtor | * | |
| * * * * * * | * | * * * * * |
| DEBORAH GEARY | * | |
| Plaintiff | * | |
| v. | * | Adv. Pro. No: Doc. No. 1 |
| UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE | * | |
| Defendant | * | |
| * * * * * * | * | * * * * * |

**COMPLAINT TO DETERMINE TAX LIABILITY AND
OBJECTION TO PROOF OF CLAIM**

**I.      PARTIES**

1.      The Plaintiff is an adult individual residing at 41B Sidney Court, Pittsburgh Pennsylvania 15203.

2.      Plaintiff is the debtor in this case, having filed for relief under Chapter 13 of the United States Bankruptcy Code (the "Code") on September 24, 2021. Plaintiff will hereafter be referred to as the "Debtor" or the "Plaintiff."

3.      The Defendant is the United States of America, Department of the Treasury, Internal Revenue Service, and may be served on Cindy K. Chung, United

States Attorney – WDPA, Joseph F. Weis, Jr. U.S Courthouse, 700 Grant Street, Suite 400, Pittsburgh, PA 15219.

4. Defendant is a creditor in this case, having filed proof of claim number 11 on the claims register.

## II.    JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 505. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b((2)(B) and (I). This Court has venue over this matter pursuant to 28 U.S.C. §§ 1408 and 1409(a).

6. Plaintiff consents to entry of a final order or judgment by the United States Bankruptcy Court.

## III.    BACKGROUND

7. Debtor was married to Michael Bruce Greenstein ("Greenstein") from April 21, 2012 until November 19, 2020. Attached as **Exhibit A** is a true and correct copy of the docket in Case No. FD-20-8902 in the Court of Common Pleas of Allegheny County, Pennsylvania, which identifies the date of the issuance of the divorce decree (the "Divorce Docket").

8. Greenstein was a licensed attorney practicing in the Commonwealth of Pennsylvania until his emergency suspension from the practice of law by order dated July 10, 2018 and made effective August 9, 2018. By order dated August 17, 2020, Greenstein was suspended for a period of five years. Attached as **Exhibit B** is a true and

correct copy of the Order, together with a Joint Petition in Support of Discipline on Consent under Rule 215(d), Pa. R.D.E. (collectively, the "Order") issued by the Supreme Court of Pennsylvania at Case No. 93 DB 2018 suspending Greenstein.

9. Greenstein is an admitted miscreant, having signed a consent order containing a finding that he pilfered $61,262.66 from no less than 51 clients. *See* Exhibit B at ¶¶ 12, 17, 120, 131.

10. From November 2015 until the date of the Order, Greenstein was the owner of Greenstein Family Law Services, P.C. (the "Law Firm"). *Id.* at ¶ 5.

11. Greenstein was the sole signatory on the Law Firm IOLTA accounts. *Id.* at ¶ 9.

12. From at least 2015 through 2018, Plaintiff worked with Greenstein at the Law Firm for little or no salary. Attached as **Exhibit C** is Plaintiff's Declaration in Support of Complaint (the "Declaration"). *See* Exhibit C at ¶ 14.

13. The economic violence perpetrated on Plaintiff was not limited to uncompensated labor. At various times throughout their marriage, Greenstein coerced Plaintiff into taking cash advances on her credit cards and, in 2018, to take out a personal loan to fund Law Firm overhead. *Id.* at ¶ 24.

14. Greenstein badgered Plaintiff for funds to support the Law Firm. *Id.* at ¶¶ 24-25.

15. In approximately early March 2018, Debtor received about $15,000.00 in life insurance proceeds from the death of her step-father. *Id.* at ¶ 25.

16. Soon thereafter, in April of 2018, the Pennsylvania Disciplinary Board began investigating Greenstein for misappropriating client funds. *See* Exhibit B.

17. Approximately $6,500.00 of the life insurance proceeds that Debtor received were used to repay funeral expenses, some of which she charged on a credit card. However, much of the remaining funds were used by Greenstein to repay retainers that Greenstein had stolen from clients. *See* Exhibit C at ¶ 25.

18. From the inception of their marriage in 2012, Greenstein controlled all of the household personal finances. *Id.* at ¶ 23.

19. Greenstein convinced Plaintiff that the couple would benefit financially by filing joint tax returns in part based on the use of Plaintiff's daughter as a dependent. *Id.* at ¶ 27.

20. Plaintiff agreed to filing income tax returns on a joint basis through the 2018 tax year. *Id.* at ¶ 26.

21. Plaintiff did not have access to the personal joint bank accounts. Specifically, she had possession of an ATM card for their personal joint household bank accounts, but did not know the passwords to the accounts. *Id.* at ¶¶ 29, 30.

22. Greenstein took draws from the Law Firm in amounts unknown to Plaintiff, for household use. *Id.* at ¶ 28.

23. Plaintiff did not prepare the joint personal tax returns. *Id.* at ¶ 31.

24. During all relevant tax years but for 2018, the tax returns were prepared by an accountant and Plaintiff accompanied Greenstein to the accountant's office, at which time and place she signed the prepared tax returns. *Id.* at ¶ 32.

25. Greenstein provided all documentation and data to the accountant for preparation of tax returns for all relevant tax years. *Id.*

26. Plaintiff takes no issue with the accuracy of the tax returns as prepared and filed by the accountant. However, Plaintiff was unaware that Greenstein was not paying *any* of the taxes as they became due. *Id.* at ¶ 37.

27. Plaintiff was aware that envelopes from the IRS addressed to Plaintiff and Greenstein came to their home, but did not open the envelopes, so as not to anger Greenstein. *Id.* at ¶ 41.

28. When Plaintiff questioned Greenstein about the envelopes, Greenstein became hostile. *Id.* at ¶ 42.

29. Greenstein also told Plaintiff that any unpaid taxes due the IRS were being paid on a payment plan. *Id.* at ¶ 39.

30. Greenstein became angry when Plaintiff inquired further into the IRS correspondence. *Id.* at ¶ 42. Greenstein became so angry that he struck Plaintiff on several occasions. *Id.*

31. Plaintiff was aware that Greenstein ultimately filed for relief under Chapter 13 of the Code in June, 2016. *Id.* at 40. *See also* Case No. 16-22261.

32. Plaintiff never saw the IRS Proof of Claim filed in Greenstein's case, and was therefore unaware of the extent of the unpaid taxes. *Id*.

33. Greenstein's bankruptcy case was ultimately dismissed for failure to remit plan payments. *See* Case No. 16-22261.

34. Following the dismissal of Greenstein's bankruptcy case, Greenstein continued to represent to Plaintiff that Greenstein had entered into a repayment plan with the IRS. *See* Exhibit C at ¶ 43.

35. Plaintiff did not know that Greenstein had been stealing client funds from his IOLTA accounts. *Id.* at ¶ 22.

36. Upon Greenstein's' suspension from the practice of law, an associate of the Law Firm began a new law practice. *Id.* at ¶ 15. Plaintiff was hired by this new practice, Pittsburgh Family Law Center, as a paralegal in May, 2018, which is the first time she received a salary of any kind since 2013, but for one or two payroll cycles in 2017 or 2018. *Id.* at ¶¶ 14-15.

37. The Law Firm ultimately filed for relief under Chapter 7 of the Bankruptcy Code on February 25, 2019. *See* Case No. 19-20698.

38. On or about February 26, 2020, Plaintiff applied for Innocent Spouse Relief using official IRS Form 8857. Attached as **Exhibit D** is a true and correct copy of Plaintiff's Request for Innocent Spouse Relief (the "Request") for the years 2015, 2016, 2017 and 2018.

39. Thereafter, the IRS granted full relief as to years 2015 and 2016. Attached as **Exhibit E** is a true and correct copy of a determination letter as to years 2015 and 2016 (the "2015-2016 Determination Letter").

40. The IRS has never made a determination as to the Request for the tax years 2017 and 2018.

41. Plaintiff's 2017 For W-2 Wage and Income Statement (the "2017 W-2") reflects $15,000.00 in income that she never received. Attached as **Exhibit F** is a true and correct copy of the 2017 W-2.

42. However, on March 21, 2021, the IRS reversed its decision to grant relief as to years 2015 and 2016. Attached as **Exhibit G** is a true and correct copy of the March 21, 2021 letter (the "Retraction").

43. The Retraction states, in part, that the IRS made a finding that Plaintiff had no "reasonable expectation the tax would or could be paid by the person with whom you filed the joint return." *Id*. The IRS also stated in the Retraction that it had been "informed" that Plaintiff was a part owner of the Law Firm and was involved in Law Firm "decisions." *Id*.

44. Upon information and belief, Greenstein maliciously interfered with Plaintiff's efforts to obtain innocent spouse relief by making factual misrepresentations to the IRS in opposition to Plaintiff's Request. Given his history of dishonesty, violence toward Plaintiff, threats to Plaintiff, and admitted mental health issues, such retaliatory and reprehensible behavior is not surprising to Plaintiff. *See* Exhibit B at ¶ 120

(Greenstein "has admitted engaging in misconduct…."); Exhibit B at ¶ 126 (Greenstein "suffered from inadequately treated Attention Deficit Hyperactivity Disorder (ADHD) and Generalized Anxiety Disorder … which … compromised his executive functioning."); Exhibit B at ¶ 127 ("Since May 2018 [Greenstein] has participated in regular psychotherapy…."); Exhibit C at ¶ 42 (describing Greenstein's violence toward Plaintiff); Exhibit C at ¶ 48 (describing Greenstein's threats to Plaintiff to use his legal prowess to ruin her chances for relief and to make Plaintiff look like a liar). What is disappointing to Plaintiff is that the IRS would accept any such statements by Greenstein as true and, on the basis of assigning credibility to Greenstein, issue the Retraction.

45.    Plaintiff is not an attorney. *See Id*. at ¶ 10. *See also* https://www.padisciplinaryboard.org/for-the-public/find-attorney (finding no listing for Deborah Geary or Deborah Greenstein as a licensed attorney in Pennsylvania).

46.    Under Pennsylvania law, non-attorneys may not own law practices. *See* Pa. R.P.C. 5.4(d).

47.    Plaintiff did not co-operate the law firm and did not make "business decisions" relating to the finances or operations of the Law Firm. *See* Exhibit C at ¶¶ 16, 17.

48.    Plaintiff did not have the authority to hire and fire employees, accept or reject clients, pay bills, or otherwise manage the Law Firm. *See Id*. at ¶¶ 16-21.

49.    Plaintiff timely appealed the Retraction.

50.     On May 20, 2021, the IRS acknowledged Plaintiff's request for an appeal hearing (the "Appeal Acknowledgement"). Attached as **Exhibit H** is a true and correct copy of the Appeal Acknowledgment. Quizzically, the Appeal Acknowledgment only addresses an appeal from the decision as to the 2015 tax year. The IRS has yet to schedule the appeal hearing.[1]

51.     Instead of scheduling a hearing, the IRS simply issued a final denial letter (the "Final Denial") on November 5, 2021 as to tax years 2015 and 2016. Attached as **Exhibit I** is a true and correct copy of the Final Denial.

52.     Plaintiff did not realize that the 2018 tax return was late filed until June 26, 2021, when Greenstein emailed the tax return, schedules and W-2s to Plaintiff. See Exhibit C at ¶ 35. Attached as **Exhibit J** is a true and correct copy of the 2018 federal tax return (the "2018 Return") provided to Plaintiff by Greenstein.

53.     The date of preparation of the 2018 Return is April 21, 2020. *See* Exhibit J.

54.     The 2018 Return was self-prepared by Greenstein. *See* Exhibit J.

55.     The 2018 Return Schedule K-1 contains an admission by Greenstein that he is the 100 percent shareholder of the Law Firm. *Id.*

56.     On September 14, 2020, in an attempt to seek information relating to her tax liabilities, Plaintiff requested certain IRS tax transcripts. Attached as **Exhibit K** is a

---

[1] The request for an appeal hearing as to the 2015 and 2016 tax years is not moot, even though the IRS proof of claim classifies the taxes due for those years as general unsecured. If Debtor is unable to obtain a discharge, those taxes would still be owed absent a determination of liability. Also, as noted, the IRS has never made a determination as to tax years 2017 and 2018.

true and correct copy of a wage and income transcript (the "2018 Transcript") provided to Plaintiff by the IRS on September 14, 2020.

57. Alarmingly, the transcript indicates that Plaintiff received $13,333.00 in non-employee compensation and $20,034,960.00 in attorney fees compensation. *Id*. Plaintiff received no such compensation. *See* Exhibit C at ¶ 36. Obviously, if Plaintiff had received over $20 million in income in 2018, she would not be seeking the within relief.

58. Plaintiff has never received a determination letter as to the 2018 tax year. However, to the extent the IRS attempts to tax Plaintiff on income she never received, Plaintiff seeks a determination that the tax due for the 2018 tax year is limited to the $3,230.00 plus accrued interest as asserted in the IRS proof of claim.

59. Plaintiff did not file for innocent spouse relief for the 2019 tax year because by then the parties were separated, and Plaintiff was a wage earner for the entirety of that year.

60. Plaintiff filed her 2020 tax return with a filing status as single. The tax return was self-prepared. However, Plaintiff made an error in the tax return and overstated her income. She has since filed an amended tax return. *See* Exhibit C at ¶ 60. A true and correct copy of the amended 2020 tax return is attached as **Exhibit L.** Based on the IRS proof of claim, it would appear that the amended tax return for the 2020 tax year has not yet been processed.

## IV.  CLAIMS AND CAUSES OF ACTION

61.  Plaintiff incorporates and realleges paragraphs 1 through 54 as if set forth fully herein.

**A.  Objection to Claim No. 11 of the IRS**

62.  Plaintiff objects to the IRS proof of claim as follows:

    i.  Secured Portion – Plaintiff has no objection to the secured portion of $9,538.00 for the 2012 tax year.

    ii.  General Unsecured Portion for Tax Years 2012, 2013 and 2014 – Plaintiff does not object to the unsecured assessment for the years 2012, 2013 and 2014 as she did not seek Innocent Spouse Relief for those years.

    iii.  General Unsecured Portion for Tax Years 2015, 2016 and 2017 – Plaintiff objects to the general unsecured portions for years 2015, 2016, 2017 and seeks a determination of tax due under Innocent Spouse Relief for those years.

    iv.  Priority Portions

        a)  2017 – Plaintiff objects to any priority tax liability for the 2017 and seeks a determination under 11 U.S.C.§ 505 as to her liability for that tax year based on her eligibility for Innocent Spouse Relief and based on the fact that she did not actually receive the income as reflected in the 2017 W-2.

    b)  2018 -- Plaintiff has no objection to the $3,230.00 assessment for the 2018 tax year plus accrued interest, but seeks a determination that her liability is limited to that sum.

    c)  2019 – Plaintiff does not object to any tax liability assessed for the 2019 tax year.

    d)  2020 – Plaintiff objects to the amount of priority tax liability for the 2020 tax year because Plaintiff filed and amended tax return reducing her liability.

**B.  Determination of Tax Liability**

63.  Debtor seeks a determination of tax liability pursuant to 11 U.S.C.§ 505, as follows:

    i.  Tax years 2015, 2016 and 2017 – Plaintiff respectfully submits that the tax liability for tax years 2015 through 2017 should be zero based on her demonstrated eligibility for Innocent Spouse Relief and on the basis that, in 2017, she did not actually receive the income reflected in the 2017 W-2.

    ii.  Tax year 2018 – Plaintiff seeks a determination that her liability is limited to $3,230.00 plus accrued interest through the date of petition filing.

    iii.  Tax year 2019 – Plaintiff does not seek a determination of tax liability with respect to the 2019 tax year.

      iv.      Tax year 2020 – Plaintiff seeks a determination that her tax liability for the 2020 tax year is $1,849.00 as reflected in her amended 2020 tax return at Exhibit L.

Wherefore, Plaintiff prays that this Honorable Court enter an Order, substantially in the form of the Order attached to this Complaint, finding that:

A. Plaintiff's objection to the IRS proof of claim 11 is sustained;

B. Plaintiff's request for determination of tax liability is granted.

/s/ Jana S. Pail
Jana S. Pail
Counsel
Whiteford, Taylor & Preston L.L.P.

Attorney for Plaintiff,
DEBORAH GEARY