FILED
4/19/23 10:42 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 21-22099-GLT |
| | Chapter 13 |
| **DEBORAH GEARY**, | |
| *Debtor.* | |
| | |
| **DEBORAH GEARY**, | Adv. Pro. No. 21-2119-GLT |
| *Plaintiff,* | Related to Dkt. Nos. 1, 13, 14, 21, 22, 26 |
| v. | |
| **UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE**, | |
| *Defendant.* | |

Jana S. Pail, Esq.
Whiteford, Taylor & Preston LLP
Pittsburgh, PA
*Attorney for the Plaintiff*

Joshua D. Zimberg, Esq.
U.S. Dept. of Justice, Tax Division
Washington, D.C.
*Attorney for the Defendant*

## MEMORANDUM OPINION

At issue is whether the Court has subject matter jurisdiction to grant debtor Deborah Geary so-called "innocent spouse relief" under section 6015(f) of the Internal Revenue Code ("I.R.C.") to reduce her federal income tax liability.[1]  The Debtor commenced this adversary proceeding seeking a determination under section 505 of the Bankruptcy Code[2] that she owes no

---

[1]  See 26 U.S.C. § 6015(f).

[2]  Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific sections shall be to the Bankruptcy Reform Act of 1978, as thereafter amended, 11 U.S.C. § 101, *et seq*. All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

taxes for 2015, 2016, and 2017 as an innocent spouse.[3] The Internal Revenue Service already denied her application for 2015 and 2016,[4] and took no action with respect to 2017 and 2018.[5] The United States, on behalf of the Service, moved to dismiss, asserting that the bankruptcy court lacks jurisdiction to grant or review the denial of innocent spouse relief.[6] The Debtor opposes dismissal, contending that section 505(a) is precisely the type of "other remedy provided by law"[7] contemplated by I.R.C. § 6015, the statute which opens the door to judicial review of the Service's determination.[8] Ultimately, the Court concludes that dismissal is necessary because section 505(a) does not provide a jurisdictional hook to afford the Debtor the relief she requests.

I.      **DISCUSSION OF JURISDICTION**

Generally, the Court's authority to exercise jurisdiction over subject matter and parties stems from 28 U.S.C. §§ 157(a), 1334, and the Order of Reference entered by the United States District Court for the Western District of Pennsylvania on October 16, 1984. At first blush, this adversary might seem to be a core proceeding under 28 U.S.C. § 157(b)(2)(B) relating to the allowance of disallowance of a claim. In reality, the issues are far more complex because the requested relief involves multiple jurisdictional statutes.

---

[3]     *Complaint to Determine Tax Liability and Objection to Proof of Claim*, Dkt. No. 1.

[4]     Id. at ¶¶ 42-43, 50-51. The Service initially informed the Debtor of its preliminary determination in favor of innocent spouse relief for 2015 and 2016, but it subsequently reversed itself and denied the request. Id. at ¶¶ 39, 42.

[5]     Id. at ¶¶ 38, 40. Despite her prior application, the Debtor does not contest the $3,230 tax liability for 2018. See Id. at ¶ 62(iv)(b).

[6]     See *United States' Motion to Dismiss Complaint to Determine Tax Liability and Objection to Proof of Claim for Lack of Jurisdiction*, Dkt. No. 13; *Memorandum of Law in Support of United States' Motion to Dismiss Complaint to Determine Tax Liability and Objection to Proof of Claim for Lack of Jurisdiction*, Dkt. No. 14.

[7]     26 U.S.C. § 6015(e)(1)(A).

[8]     See *Plaintiff's Objection to United States' Motion to Dismiss Complaint to Determine Tax Liability and Objection to Proof of Claim for Lack of Jurisdiction*, Dkt. No. 21; *Plaintiff's Memorandum in Opposition to United States' Motion to Dismiss Complaint to Determine Tax Liability and Objection to Proof of Claim for Lack of Jurisdiction*, Dkt. No. 22.

Given the nature of the issues, the Court begins with the well-established rules of statutory construction. "Congress expresses its intent through the ordinary meaning of its language," so the analysis always starts "with an examination of the plain language of the statute."[9] The Court must "assume that . . . Congress said what it meant."[10] From there, the Supreme Court of the United States instructs that "when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms."[11] Indeed, "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'"[12] In the event of an absurd result, "the intention of the drafters, rather than the strict language, controls."[13]

Under the Internal Revenue Code, spouses that file joint federal income tax returns incur joint and several liability with respect to the tax computed on their aggregate income.[14] An "innocent spouse" may nonetheless seek relief from joint and several liability under certain provisions of I.R.C. § 6015.[15] The only provision relevant here is I.R.C. § 6015(f), which provides for "equitable relief":

> Under procedures prescribed by the Secretary [of the Treasury], if--
> (A) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any

---

[9] Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth., 539 F.3d 199, 210 (3d Cir. 2008) (quoting Rosenberg v. XM Ventures, 274 F.3d 137, 141 (3d Cir.2001)); see Lamie v. U.S. Tr., 540 U.S. 526, 534 (2004) ("The starting point in discerning congressional intent is the existing statutory text").

[10] United States v. LaBonte, 520 U.S. 751, 757 (1997).

[11] Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A., 530 U.S. 1, 6 (2000) (internal quotation marks omitted).

[12] United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242 (1989) (quoting Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571 (1982)).

[13] United States v. Ron Pair Enterprises, Inc., 489 U.S. at 242.

[14] 26 U.S.C. § 6013(d)(3).

[15] See 26 U.S.C. §§ 6015(a)-(c), (f). The Debtor does not allege that subsection (b) or (c) applies in this case.

> deficiency (or any portion of either), and (B) relief is not available to such individual under subsection (b) or (c), *the Secretary may relieve such individual of such liability*.[16]

On its face, Congress granted only the Secretary of the Treasury the equitable power to grant innocent spouse relief under subsection (f).[17] The statute is unambiguous in this regard, suggesting an end to the inquiry.

Yet some bankruptcy court decisions, most notably *In re Pendergraft*,[18] see a jurisdictional opening in a different part of I.R.C. § 6015 that permits review of decisions under subsection (f). If the Secretary denies equitable relief or fails to make a determination within six months, I.R.C. § 6015(e)(1)(A) provides:

> In addition to any other remedy provided by law, the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section . . .[19]

Except where a refund suit is commenced in the federal district court,[20] most courts agree that this provision grants the Tax Court exclusive jurisdiction to hear appeals under subsection (f).[21] But

---

[16] 26 U.S.C. § 6015(f)(1) (emphasis added).

[17] See In re Bowman, 632 B.R. 64, 65 (Bankr. E.D. La. 2021); Pendergraft v. I.R.S. (In re Pendergraft), No. 16-33506, 2017 WL 1091935, at *3 (Bankr. S.D. Tex. Mar. 22, 2017); In re Mikels, 524 B.R. 805, 807 (Bankr. S.D. Ind. 2015); In re French, 255 B.R. 1, 2 (Bankr. N.D. Ohio 2000); Mira v. U.S. (In re Mira), 245 B.R. 788, 792 (Bankr. M.D. Pa. 1999).

[18] In re Pendergraft, 2017 WL 1091935, at *4.

[19] 26 U.S.C. § 6015(e)(1)(A).

[20] See 26 U.S.C. § 6015(e)(3).

[21] See Simmons Perrine Moyer Bergman, PLC v. Coleman, No. C11–0131, 2013 WL 1080666, at *7–8 (N.D. Iowa Mar. 14, 2013); United States v. Elman, No. 10-CV-6369, 2012 WL 6055782, at *3 (N.D. Ill. Dec. 6, 2012); United States v. LeBeau, No. 10cv817 BTM (NLS), 2012 WL 835160, at *3 (S.D. Cal. Mar. 12, 2012); United States v. Boynton, No. 05-V-2243-WQH, 2007 WL 737725, at *3 (S.D. Cal. Feb. 1, 2007); United States v. Cawog, No. 02:05CV1652, 2006 WL 1997421, at *3 (W.D. Pa. June 15, 2006); In re Mikels, 524 B.R. at 807; In re French, 255 B.R. at 2.

*In re Pendergraft* and its progeny focus on the prefatory phrase and find section 505(a) of the Code is another "remedy provided by law."[22]

> Subject to certain exceptions not relevant here,[23] section 505(a)(1) provides that:
>
> the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.[24]

Its purpose is "to avoid delays in the administration of the bankruptcy estate by providing a forum where certain tax liability disputes may be decided expeditiously."[25] As such, the United States Court of Appeals for the Third Circuit has recognized section 505(a) "grants broad jurisdiction to determine the amount or legality of a debtor's tax liability."[26] Further, sovereign immunity is expressly abrogated with respect to section 505.[27]

*In re Pendergraft* concludes that "innocent spouse" relief under I.R.C. § 6015(f) fits neatly within the bankruptcy court's jurisdiction "to determine the legality of a tax,"[28] but this Court is unconvinced. The relief *In re Pendergraft* envisioned involves: (1) reviewing the Secretary's denial of relief;[29] or (2) determining "appropriate relief" in the absence of a timely

---

[22] See In re Bowman, 632 B.R. at 66; In re Pendergraft, 2017 WL 1091935, at *4.

[23] See U.S.C. § 505(a)(2).

[24] 11 U.S.C. § 505(a)(1).

[25] Williams v. U.S. (In re Williams), 190 B.R. 225, 227 (Bankr. W.D. Pa. 1995).

[26] In re Venture Stores, Inc., 54 F. App'x 721, 723 (3d Cir. 2002); see In re Valley Media, Inc., 226 F. App'x 120, 122 (3d Cir. 2007); In re Custom Distribution Services Inc., 224 F.3d 235, 239-41 (3d Cir. 2000); Quattrone Accountants, Inc. v. I. R.S., 895 F.2d 921, 924-25 (3d Cir. 1990).

[27] 11 U.S.C. § 106(a)(1).

[28] In re Pendergraft, 2017 WL 1091935, at *5.

[29] Given that I.R.C. § 6015(f) is discretionary, one might reasonably assume that a review of the Secretary's decision would be for abuse of discretion. Under I.R.C. § 6015(e)(7), however, the Tax Court's review is expressly de novo. It is unclear what standard would apply to the bankruptcy court.

decision.[30] Either way, the Debtor is not arguing that the taxes are *illegal*, just that they should be waived for equitable reasons. In fact, equitable relief is usually distinguished from legal remedies.[31] And she is not asking the Court to determine the *amount* of the tax. The Service already did that, which is her problem.

Admittedly, the Court is unsure what "other remedy provided by law" was contemplated when Congress enacted I.R.C. § 6015(e)(1)(A). Still, the structure of subsection (e) does not point to section 505. First, it seems peculiar for Congress to carefully limit federal jurisdiction over subsection (f) only to imply bankruptcy jurisdiction through a vague prefatory clause. After all, I.R.C. § 6015(e)(6) explicitly addresses the impact of bankruptcy cases on the time periods for seeking relief, so one might expect Congress to reference section 505 more directly.[32] It is also telling that Congress acknowledged when a federal district court could acquire jurisdiction over "innocent spouse" relief and expressly curbed the jurisdiction of the Tax Court in those situations.[33] Finally, *In re Pendergraft* perceived an ambiguity in I.R.C. § 6015(e)(1)(A) because the statutory timing procedures only apply to the Tax Court, not to "other remed[ies] provided by law."[34] In this Court's view, that ambiguity reveals that section 505 is not really a

---

[30] In re Pendergraft, 2017 WL 1091935, at *3 (citing 26 U.S.C. § 6015(e)(1)(A)).

[31] See REMEDY, *Black's Law Dictionary* (11th ed. 2019) ("equitable remedy" is defined as "a remedy . . . obtained when available legal remedies . . . cannot adequately redress the injury.").

[32] See 26 U.S.C. § 6015(e)(6) ("Suspension of running of period for filing petition in title 11 cases.").

[33] See 26 U.S.C. § 6015(e)(3) ("the Tax Court shall lose jurisdiction of the individual's action under this section to whatever extent jurisdiction is acquired by the district court . . .").

[34] See In re Pendergraft, 2017 WL 1091935, at *7 ("A request for relief must be made "not later than the close of the 90th day after" the Secretary mails notice of his or her final determination under Section 6015(e)(1)(A)(i)(I). 26 U.S.C. § 6015(e)(1)(A)(ii). Although the Court recognizes that there is an ambiguity as to whether the built-in statutory delay is only directly applicable under 26 U.S.C. § 6015(e), a better reading of the statute as a whole requires that the "any other remedy provided by law," including a bankruptcy court determination of innocent spouse relief under 11 U.S.C. § 505(a)(1), must wait a similar period of time.").

6

"[an]other remedy" but a means to exercise the Tax Court's jurisdiction under I.R.C. § 6015(e)(1)(A).

Ultimately, *equitable relief* from a legal determination of the amount of a tax is outside section 505 jurisdiction. Assuming the Debtor's allegation are true, however, it appears that the Tax Court remains a viable forum to pursue "innocent spouse" relief.[35]

## II.  CONCLUSION

In light of the foregoing, the Court will grant the motion to dismiss. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Pittsburgh, Pennsylvania.

Dated: April 19, 2023

_____
GREGORY L. TADDONIO
CHIEF UNITED STATES BANKRUPTCY JUDGE

Case administrator to mail to:
Debtor
Attorney Pail
Attorney Zimberg

---

[35] See 11 U.S.C. § 108.